**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

JEREMIE DEAN,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )            CV422-228
                                       )
JRK HOLDINGS,                          )
                                       )
            Defendant.                 )

## ORDER

*Pro se* plaintiff Jeremie Dean has filed a Complaint alleging employment discrimination.  *See* doc. 1 at 3.  He has also moved to pursue this case *in forma pauperis*.  Doc. 2.  Due to ambiguities in his IFP application, discussed below, the Court is unable to definitively conclude that Dean is indigent.  Additionally, review of his Complaint shows that it fails to state a claim.  He must, therefore, supplement his IFP application and submit an Amended Complaint consistent with the more detailed instructions below.

Dean's IFP application indicates that his take-home pay or wages are "$800/900" every two weeks.  Doc. 2 at 1.  He also indicates that he owns "Ea Sport stock," but does not list the value of the stock.  *Id.* at 2.  His bi-weekly income alone, which at the low end would total around

1

$1600 per month, appears more than sufficient to cover his $400 in regular monthly expenses. *Id.* However, he also indicates he owes $200 to a "loan company" and either $3,000 or $800 to Verizon, his application is not clear. *Id.* It is also not clear whether his bi-weekly income consists of his wages prior to his allegedly discriminatory termination, or wages from a current employer. *Compare* doc. 1 at 4 *with* doc. 2 at 1. These ambiguities make it impossible for the Court to conclude that Dean is indigent.

Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source*

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, inter alia, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n.1 (S.D. Ga. May 14, 2014).

*Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).  To that end, the Court tolerates no lies.  *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty.  The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[2] Plaintiff's application for IFP status is too vague for the Court to determine his financial status.  Therefore, no later than October 19, 2022, Dean is **DIRECTED** to file a supplemental application to proceed IFP.

---

[2]  Furthermore, liars may be prosecuted.  *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n.2 (S.D. Ga. 2012) (collecting sanction cases).

The Clerk of Court is **DIRECTED** to include with this Order a copy of the long-form Application to Proceed in District Court Without Prepaying Fees or Costs (AO239), and Dean is **DIRECTED** to file his supplemental application again using this long form.  In completing the supplemental application, he must answer every question to the best of his ability.  If he lacks the requested information, he should reflect the lack of knowledge in his response and provide his best estimation of the requested amount. [3]  Failure to comply with this Order may result in a recommendation that his case be dismissed.  *See* Fed. R. Civ. P. 41(b).

---

[3]  A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by the government.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).  Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1).  The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion.  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

Despite Dean's inconclusive IFP application, the payment of the filing fee is not a jurisdictional requirement. *See White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020). Therefore, the Court has also undertaken the preliminary screening required by 28 U.S.C. § 1915(e)(2)(B). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Bell Atl. Corp.*, 550 U.S. at 555. Stated otherwise, the complaint must provide

a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Despite Dean checking boxes indicating that he alleges violations of Title VII of the Civil Rights Act of 1964, he does not indicate the basis for that alleged discrimination. *See* doc. 1 at 3-4. He contends that his former employer engaged in discriminatory conduct including termination of his employment, unequal terms and conditions of his employment, and retaliation, but he does not allege any facts, other than to state that the allegedly discriminatory acts occurred a "year ago around Sept." *See id.* at 4. These bare and incomplete allegations are not sufficient to comply with the pleading standard described above.

Despite the Complaint's failure to state a claim upon which relief may be granted, Dean is entitled to an opportunity to amend his Complaint. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Accordingly, Dean is **DIRECTED** to file an Amended Complaint no later than October 19, 2022. The Clerk is **DIRECTED** to

include copies of forms Pro Se 7 (Complaint for Employment Discrimination) for Dean's convenience.

Dean is advised that failure to submit both his supplemental application to proceed IFP and his amended pleading by the deadline may result in dismissal of his case for failing to obey a court order or failure to prosecute.  *See* Fed. R. Civ. P. 41(b).[4]

**SO ORDERED,** this 5th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Federal Rules of Civil Procedure are available on the federal judiciary website at   https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.